EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Annaise Rivera del Valle<br><br>Recurrente<br><br>v.<br><br>Hon. José A. Maymó Azize<br>Registrador de la Propiedad<br>Sección de Humacao I<br><br>Recurrido | 2026 TSPR 83<br><br>218 DPR ___ |

Número del Caso:  RG-2025-0002


Fecha:  3 de agosto de 2026


Representante legal de la parte peticionaria:

     Lcdo. Edwin Rivera Cintrón


Registrador de la Propiedad Sección de Humacao I:

     Hon. José A. Maymó Azize


Materia: Derecho Registral – Si la obtención de una Resolución judicial mediante la que se acredite la identidad de las personas con derecho sobre la porción repudiada y su presentación como documento complementario es una condición indispensable para que quede constancia del acto de repudiación en el Registro de la Propiedad.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Annaise Rivera del Valle

     Recurrente

         v.

Hon. José A. Maymó Azize,
Registrador de la Propiedad
Sección de Humacao I

     Recurrido

RG-2025-0002

Recurso
Gubernativo

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 3 de agosto de 2026.

En esta ocasión, en el contexto de una sucesión intestada, nos corresponde determinar si procede inscribirse un acto de repudiación de herencia cuando, en los asientos del Registro de la Propiedad, ya consta inscrito un derecho hereditario a favor del repudiante, en virtud de una declaración judicial de herederos. Específicamente, debemos considerar si la obtención de una *Resolución* judicial mediante la que se acredite la identidad de las personas con derecho sobre la porción repudiada y su presentación como documento complementario es una condición indispensable para que quede constancia del acto de repudiación en el Registro de la Propiedad.

Por los fundamentos que expondremos a continuación, concluimos que acreditar, mediante documento público emitido por autoridad competente, la nueva delación hereditaria que tiene lugar a raíz del acto de repudiación es una condición indispensable para que el Registro de la Propiedad tome constancia del acto de repudiación cuando, bajo los asientos del Registro de la Propiedad, consta previamente inscrito un derecho hereditario a favor del repudiante. Cuando el derecho hereditario inscrito en el Registro de la Propiedad esté fundamentado en una declaración judicial de herederos, será necesario acreditar la nueva delación hereditaria en virtud de otra resolución judicial. Veamos.

I.

Este caso tiene su origen con el deceso del Sr. Israel Rivera Rosado (Causante o señor Rivera Rosado) quien falleció el 21 de marzo de 2022, en la ciudad de Davenport del estado de la Florida de los Estados Unidos de América, intestado y estando casado.[1]

En vida, el señor Rivera Rosado fue dueño, junto a su esposa, la Sra. Isabel Del Valle Ortiz (Cónyuge Supérstite o señora Del Valle Ortiz), de un bien inmueble situado en el municipio de Las Piedras, Puerto Rico.[2]

Tras el fallecimiento del señor Rivera Rosado, la señora Del Valle Ortiz peticionó y obtuvo la

---

[1] *Resolución judicial sobre declaratoria de herederos*, Apéndice del Recurso Gubernativo, pág. 4.

[2] *Contrato de arrendamiento y promesa de compraventa*, Apéndice del Recurso Gubernativo, págs. 1-3.

correspondiente *Resolución* judicial sobre declaratoria de herederos.[3] **Mediante este documento público judicial, el Tribunal de Primera Instancia identificó, el 6 de septiembre de 2022, a la señora Del Valle Ortiz como la Cónyuge Supérstite del Causante. Además, la *Resolución* identificó a Melvin, Israel y Annaise, todos de apellidos Rivera del Valle, como hijos del causante.**[4] Evaluada la prueba documental presentada, el Tribunal de Primera Instancia declaró como únicos y universales herederos, conjuntamente, a la Cónyuge Supérstite y a los tres hijos del Causante.[5]

Posteriormente, Annaise Rivera del Valle (Recurrente), hija del Causante, otorgó una escritura pública (Escritura Pública de Repudiación de Herencia) en la que dispuso que **era su voluntad repudiar la herencia del Causante y dejar todos los bienes, conocidos y desconocidos, a la libre disposición de sus coherederos.** Específicamente, esta lee como sigue:

> "No conviniéndole a LA COMPARECIENTE aceptar dicha herencia, por causas que se reserva, mediante la presente escritura repudia formalmente la herencia de su mencionado padre Israel Rivera Rosado y deja todos los bienes, conocidos o desconocidos, que la constituyen a la libre disposición de Melvin Rivera Del Valle, Israel Rivera Del Valle e Isabel Del Valle Ortiz".[6]

---

[3] *Resolución judicial sobre declaratoria de herederos*, Apéndice del Recurso Gubernativo, pág. 4.

[4] Íd.

[5] Íd.

[6] *Escritura pública número 50 de 2024 sobre Repudiación de herencia otorgada ante notario Edwin Rivera Cintrón,* Apéndice del Recurso Gubernativo, págs. 5-8.

Más adelante, la Recurrente otorgó un acta (Acta Núm. 12-2025) en la que indicó **que, al otorgar la Escritura Pública de Repudiación de Herencia, su voluntad era repudiar la herencia por sí, y por sus herederos y sus descendientes en los grados más próximos de sucesión.**[7] En lo pertinente, dispuso así: "Se aclara mediante el presente instrumento que la repudiación de herencia expresada previamente es extensiva a sus herederos y descendientes en su grado próximo de sucesión".[8]

Ahora bien, **nada se dispuso en la Escritura Pública de Repudiación de Herencia ni en el Acta Núm. 12-2025 sobre elementos fácticos que permitieran establecer la identidad de las personas llamadas a heredar ante el acto de repudiación ejercido por la Recurrente.**

Tras ello, el 26 de marzo de 2025, se presentó ante el Registro de la Propiedad, Sección de Humacao I, copia certificada de la Escritura Pública de Repudiación de Herencia para su inscripción bajo las fincas 8,144 y 6,145, la cual complementó con una copia certificada del Acta Núm. 12-2025.[9] Así, esta transacción se identificó con el número de asiento de presentación 2025-034135-HU01.[10]

---

[7] *Escritura pública número 12 de 2025 sobre Acta Aclaratoria otorgada ante notario Edwin Rivera Cintrón,* Apéndice del Recurso Gubernativo, págs. 20-22.

[8] Íd.

[9] *Recibo de Presentación,* Apéndice del Alegato del Registrador, pág. 1.

[10] Íd.

Sin embargo, antes de que se presentara el asiento 2025-034135-HU01, se inscribió en el Registro de la Propiedad el derecho hereditario, bajo las fincas 6,145 y 8,144, ambas de Las Piedras, inscripciones 8 y 2 respectivamente, a favor de los herederos declarados en la *Resolución* judicial, emitida el 6 de septiembre de 2022, sobre declaratoria de herederos del señor Rivera Rosado.[11] Es decir, **se anotó un derecho hereditario a favor de la Recurrente y de los demás coherederos declarados.**

Así las cosas, el 14 de julio de 2025, el Registrador de la Propiedad, Hon. José A. Maymó Azize, (Registrador) notificó al notario autorizante la calificación inicial en la que, a su juicio, se identificaban defectos que impedían la inscripción de los documentos presentados.[12] En síntesis, **el Registrador argumentó que la voluntad declarada por la Recurrente en la Escritura Pública de Repudiación de Herencia era contraria a tres disposiciones de ley, a saber: los artículos 1612 (d) y 1615 del Código Civil de Puerto Rico del 2020; y el artículo 235 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico.**[13] También, el Registrador sostuvo que, como consecuencia de la repudiación realizada por la

---

[11] Alegato del Registrador, pág. 5.

[12] *Carta de Notificación de falta*, Apéndice del Recurso Gubernativo, págs. 23-24.

[13] Íd.

Recurrente, se originó un derecho de representación.[14] Además, estableció que es indispensable **acreditar al Registro de la Propiedad la adjudicación del derecho hereditario mediante *Resolución* judicial, ya que sin este documento no se podrá inscribir la Escritura Pública de Repudiación de Herencia.**[15]

En desacuerdo, el 1 de agosto de 2025, el notario autorizante presentó ante el Registro de la Propiedad un escrito de recalificación en el que objetó la calificación inicial notificada en cuanto al asiento de presentación número 2025-034135-HU01, y solicitó al Registrador que procediera con la inscripción del documento notarial notificado: la Escritura Pública de Repudiación de Herencia.[16] En extrema síntesis, el notario autorizante argumentó que el ordenamiento jurídico vigente no prevé la promoción de una acción judicial que tenga por objeto la adjudicación de un derecho de representación como condición previa a la inscripción de una escritura de repudiación.[17]

Oportunamente, el 10 de septiembre de 2025, el Registrador notificó la calificación final del documento notarial presentado al asiento número 2025-034135-HU01.[18]

---

[14] Íd.

[15] Íd.

[16] Escrito de recalificación, Apéndice del Recurso Gubernativo, págs. 25-27.

[17] Íd.

[18] *Carta de Notificación denegando el Escrito de Recalificación*, Apéndice del Recurso Gubernativo, págs. 28-30.

Allí, denegó el asiento de inscripción solicitado bajo los mismos fundamentos esbozados en la calificación inicial.[19]

Inconforme, el 25 de septiembre de 2025, la Recurrente presentó ante este Foro el recurso gubernativo que nos ocupa y alegó que el Registrador erró en la calificación final mediante la que denegó la inscripción del asiento 2025-034135-HU01. En específico, la Recurrente señaló que "erró el Registrador de la Propiedad al denegar la inscripción de la escritura de compraventa considerando que se trata de una transacción hereditaria y no una ratificación de un documento privado elevado a escritura de un acto previo *intervivos*".[20]

No obstante, lo anterior, este señalamiento de error está relacionado con el asiento de presentación 2025-039624-HU01, distinto al que atiende el presente recurso gubernativo.[21] Según surge de los autos del caso, no quedan constancias de la presentación de un escrito de recalificación mediante el que se objete la calificación inicial hecha por el Registrador de la Propiedad sobre el asiento de presentación 2025-039624-HU01.

En cuanto al segundo señalamiento, la Recurrente alegó que incidió el Registrador, toda vez que denegó la inscripción de la escritura de repudiación otorgada por la Recurrente señalando que: "[…] como requisito previo, tenía que presentar una acción judicial para adjudicar la

---

[19] Íd.

[20] Escrito de Recurso Gubernativo, pág. 6.

[21] Nota 6, Escrito de Recurso Gubernativo, pág. 3.

existencia de algún derecho de representación hereditaria".[22]

Sostiene la Recurrente que, de una forma no prevista por el ordenamiento jurídico vigente, se le está limitando y condicionando el ejercicio de su derecho a repudiar la herencia y su facultad para otorgar una escritura pública en la que haga constar dicha voluntad. Lo anterior debido a la actuación del Registrador de: 1) denegar la inscripción de la Escritura Pública de Repudiación de Herencia y 2) requerir una resolución judicial mediante la que se adjudique la porción repudiada de la herencia. Por otro lado, argumenta que la Escritura Pública de Repudiación de Herencia es título suficiente para el reconocimiento de un derecho de acrecimiento en favor de sus coherederos.

Así, la Recurrente solicitó que se revoque la calificación hecha por el Registrador y se ordene la inscripción de los instrumentos públicos notificados bajo los asientos 2025-034135-HU01 y 2025-039624-HU01.

Presentado el Recurso Gubernativo, el Registrador compareció ante nos mediante una *Moción en cumplimiento con el Art. 245 de la Ley 210-2015, "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico"* y anejó los siguientes documentos: (1) el *Escrito de Recalificación,* (2) la copia de la imagen del documento recibida en el Registro y certificada por el notario como idéntica a la copia certificada en papel

---

[22] Íd.

regular, (3) el *Recibo de Presentación*, (4) la *Carta de Notificación* de faltas y (5) la *Carta de Notificación* denegando el *Escrito de Recalificación*.

Oportunamente, el Registrador presentó su alegato. Allí, destacó que el primer señalamiento de error formulado por la Recurrente está relacionado con el asiento 2025-039624-HU01 bajo el que fue presentada la Escritura Núm. 5-2025, pero que, sin embargo, el recurso gubernativo RG-2025-0002 ante la consideración de este Foro tiene por objeto el asiento 2025-034135-HU01, bajo el que fue presentada la Escritura Pública de Repudiación de Herencia. Por lo tanto, **el Registrador argumentó que este Foro carece de jurisdicción para atender las alegaciones bajo el primer señalamiento de error, ya que la Recurrente dejó de cumplir con los requisitos procesales correspondientes exigidos bajo el ordenamiento jurídico vigente para la promoción de un recurso gubernativo.**

**En cuanto al segundo señalamiento de error, el Registrador argumentó que dar paso a la inscripción de la Escritura Pública de Repudiación de Herencia crearía una situación de publicidad incierta y, por tanto, se generaría un escenario de inseguridad jurídica contrario a la naturaleza del Registro de la Propiedad.** Sostuvo esta postura en el hecho de que actualmente consta inscrito un derecho hereditario a favor de la Recurrente.

Por otro lado, argumentó que el Acta Núm. 12-2025, presentada como documento complementario de la Escritura Pública de Repudiación de Herencia, dio motivos al

Registrador para creer en la invalidez del documento principal presentado bajo el asiento 2025-034135-HU01. Destacó que el acta aclaratoria tuvo la intención de establecer que el acto de repudiación de la herencia realizado por la Recurrente negó los derechos sucesorios en cuestión para sí y su estirpe, un efecto jurídico contrario a nuestro actual ordenamiento jurídico vigente.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver, no sin antes exponer el derecho aplicable.

II.

## A. El recurso gubernativo

El Art. 3.002(h) de la Ley de la Judicatura, 4 LPRA sec. 24s, y la Regla 27 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, otorgan jurisdicción original a este Foro para conocer sobre recursos gubernativos.[23] El recurso gubernativo es el escrito judicial mediante el cual el notario, el funcionario autorizado o el interesado impugna, ante el Tribunal Supremo de Puerto Rico y con arreglo a la Ley, las calificaciones finales negativas que de los documentos haga el Registrador de la Propiedad.[24]

A su vez, es negativa aquella calificación final del Registrador de la Propiedad que deniega la inscripción solicitada, por apreciar defectos en documentos

---

[23] *FirstBank Puerto Rico v. Registradora*, 208 DPR 64, 75-77 (2021); *Oriental Bank v. Registrador*, 209 DPR 384, 390-391 (2022).

[24] Regla 27 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B; y Artículo 244 de la Ley Núm. 210-2015, 30 LPRA sec. 6404.

presentados bajo dicho asiento.[25] **Para recurrir contra una calificación final negativa vía recurso gubernativo, es condición indispensable que la calificación recurrida haya sido objetada mediante recalificación.**[26]

La recalificación es el escrito mediante el cual el notario, el funcionario autorizado o el interesado objeta, ante el mismo Registrador de la Propiedad que señala los defectos y con arreglo a la Ley, la calificación inicial negativa **de documentos presentados bajo un mismo asiento.**[27] El escrito de recalificación debe incluir objeciones a los defectos señalados en los que el Registrador de la Propiedad basó su calificación inicial negativa, así como los fundamentos legales de dichas objeciones y una solicitud específica de lo que se interesa.[28] **El recurso gubernativo solo podrá incluir objeciones formuladas en la recalificación.**[29]

**B. Repudiación**

Tras la muerte del causante, tiene lugar la delación. Con esto, nos referimos al ofrecimiento de la herencia a las personas llamadas a heredar. A partir de la

---

[25] Artículo 230 de la Ley Núm. 210-2015, 30 LPRA sec. 6382.

[26] Artículo 244 de la Ley Núm. 210-2015, 30 LPRA sec. 6404.

[27] Reglas 241.1-241.2 del Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria, Reglamento Núm. 8814 de 31 de agosto de 2016; y Artículo 241 de la Ley Núm. 210-2015, 30 LPRA sec. 6401.

[28] Artículo 241 de la Ley Núm. 210-2015, 30 LPRA sec. 6401.

[29] Artículo 245 de la Ley Núm. 210-2015, 30 LPRA sec. 6405.

delación,[30] las personas llamadas a heredar pueden ejercer su derecho de aceptar o **repudiar** la herencia o el legado.[31] Mediante el acto de repudiación de la herencia, el llamado a suceder manifiesta su voluntad de no ser heredero.[32] En sentido contrario, con la aceptación de la herencia se manifiesta la voluntad de ostentar la condición de heredero.

En aquellos casos en los que el heredero opte por repudiar su porción de la herencia, el Código Civil de Puerto Rico de 2020 (Código Civil de 2020) Ley Núm. 55-2020, (31 LPRA sec. 5311 *et seq*.), contempla dos destinos posibles: 1) si el repudiante tiene descendientes, operaría en primer lugar la representación sucesoria;[33] o 2) si el repudiante no tiene descendientes o cuando teniéndolos estos repudien igualmente, operaría el derecho de acrecer.[34] En aquellos casos en que, por existir descendientes, opera la representación sucesoria, la

---

[30] Artículo 1570 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11013.

[31] Artículo 1568 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11011.

[32] Artículo 1582 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11025.

[33] Por representación sucesoria, nos referimos a la figura que reconoce el derecho de los descendientes a heredar en el lugar y grado de su ascendiente cuando, entre otros escenarios, este último ejerce un acto de repudiación. Artículo 1611 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11091.

[34] Por derecho de acrecer nos referimos al incremento en la porción sobre la herencia sobre la que tiene derecho un heredero que, salvo que tenga lugar la representación sucesoria, ocurre cuando la porción de otro heredero queda vacante. Artículo 1616 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11101.

delación de los descendientes ocurre desde que tiene lugar el acto de repudiación por el ascendiente.[35]

Ahora bien, el acto de repudiación se distingue de la renuncia a la herencia. Los Arts. 1580 y 1581 del Código Civil de 2020, *supra*, aluden a este último concepto.[36] Al respecto, el profesor González Tejera nos comenta que:

> El heredero que renuncia a la herencia en beneficio de uno o más de sus coherederos, aun cuando lo haga gratuitamente, ha aceptado la herencia. Sin embargo, cuando renuncia en favor de todos los que lo representarían si él faltara, no renuncia a la herencia, sino que la repudia, porque con su conducta no ha alterado el destino jurídico de la porción de bienes que le habría correspondido de haber aceptado.[37]

Por tanto, **para aquilatar si estamos ante una repudiación o renuncia debemos, como antes dicho, atender a los elementos fácticos presentes en el caso o controversia que se tenga en consideración ante sí.**

Cabe destacar que, en Puerto Rico, la repudiación es un acto jurídico irrevocable y unilateral.[38] No puede

---

[35] Artículo 1569 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11012.

[36] Artículos 1580 y 1581 del Código Civil de Puerto Rico de 2020, 31 LPRA secs. 11023-11024.

[37] E. González Tejera, Derecho de Sucesiones, San Juan, Ed. Universidad de Puerto Rico, 2001, T. 1, pág. 223.

[38] Artículo 1571 del Código Civil de 2020, 31 LPRA sec. 11014.

hacerse parcialmente ni estar sujeta a plazo o condición.[39] Además, debe hacerse libre y voluntariamente.[40]

Con la repudiación, la persona llamada a heredar se convierte "en un extraño a la herencia pues, '[p]ara todos los efectos legales, se considera que […] nunca llegó a ser heredero'".[41] Además, es conocido que, los efectos de la repudiación se retrotraen al momento de la apertura de la sucesión.[42] Es decir, al momento de la muerte del causante.

Como condición esencial para su validez, la repudiación debe hacerse mediante una de dos maneras: en escritura pública o en un escrito dirigido al tribunal.[43]

## C. Escritura pública de repudiación

Al requerir, como una de las alternativas, que el rechazo de la condición de heredero conste en escritura pública, el legislador persigue dotar a tal acto de una mayor certeza,[44] ya que por esta vía se le inserta en el sistema de garantías que ofrece la institución del notariado.

---

[39] Artículo 1573 del Código Civil de 2020, 31 LPRA sec. 11016.

[40] E. González Tejera, Derecho de Sucesiones, San Juan, Ed. Universidad de Puerto Rico, 2001, T. 1, pág. 227.

[41] *Scotiabank of Puerto Rico v. Sucesión de Quiñones Ramírez,* 206 DPR 904, 924(2021)(citando a *Moreda v. Rosselli*, 141 DPR 674, 688 (1996)).

[42] Artículo 1572 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11015.

[43] Artículo 1583 del Código Civil de 2020, 31 LPRA sec. 11026.

[44] E. González Tejera, Derecho de Sucesiones, San Juan, Ed. Universidad de Puerto Rico, 2001, T. 1, pág. 224.

Entre las garantías que la institución del notariado aporta a un acto de repudiación que conste en escritura pública, encontramos dos: la autenticidad y la fuerza probatoria del acto.[45] Por un lado, la fe pública o autenticidad impone la carga de creer en lo **declarado en instrumento público por el funcionario** que ejerce la fe pública. Dicha exigencia se fundamenta en la presunción de exactitud que la ley atribuye al hecho narrado por el notario público a partir de lo que ve, oye o percibe por medio de sus sentidos, que en el ejercicio de su función personalmente ejecute o compruebe, y que reduzca a instrumento público.[46]

Lo antes dicho opera mientras no se desvirtúe su fuerza probatoria por medio de determinación judicial en el correspondiente juicio civil o penal,[47] mediante la presentación de prueba de hechos contrarios.

Así, hemos reconocido que "[s]i bien existe una presunción legal en favor de la veracidad de los hechos consignados en una escritura pública, tal presunción no es concluyente y puede ser rebatida [por la presentación de] la correspondiente prueba de hechos contrarios a los consignados en dicha escritura".[48] Por tanto, en el ámbito judicial, los documentos notariales gozan de una

---

[45] Regla 2 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV.

[46] Regla 2 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV; Artículo 3 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2002.

[47] Artículo 280 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 6172.

[48] *Monserrate v. Lópes*, 80 DPR 491, 501 (1958) (citando a *Vázquez v. Seda*, 58 DPR 594 (1941)).

presunción de veracidad que puede ser controvertida mediante prueba en contrario, pero hasta que su contradicción no sea efectiva produce efectos plenos, incluyendo en el ámbito extrajudicial.

El instrumento público tiene fuerza probatoria entre las partes y ante terceros respecto de los hechos y los negocios jurídicos que contenga, según autorizado por el notario o el funcionario público.[49] Esa fuerza probatoria se extiende a la forma, lugar, día y hora del otorgamiento.[50] Por no ser de carácter constitutivo, la escritura pública de repudiación de herencia surte efectos desde su otorgamiento conforme a la ley.

## D. Declaratoria de herederos

La declaratoria de herederos es el documento público, judicial o notarial, mediante el cual, a petición de parte con interés en la herencia y con arreglo a la Ley, se determina la identidad de las personas con derechos sobre una sucesión intestada.[51]

En Puerto Rico, existe competencia concurrente entre los notarios y los tribunales de justicia para conocer en cuanto a peticiones de declaratoria de herederos.[52] Lo anterior significa que los tribunales y los notarios comparten la facultad para entender en peticiones

---

[49] Artículo 280 del Código Civil de 2020, 31 LPRA sec. 6172.

[50] Artículo 2 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2002.

[51] Artículo 552 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 2301.

[52] Artículo 3 de la Ley de Asuntos No Contenciosos Ante Notario, 4 LPRA sec. 2156.

dirigidas a establecer la identidad de las personas con derechos sobre una sucesión intestada. Por la vía jurisdiccional, la solicitud debe presentarse en la sala del Tribunal de Primera Instancia del último sitio del finado o donde se encuentren sitos sus bienes.[53]

Hemos reconocido que **la presentación de una petición de declaratoria de herederos ante un tribunal de justicia es un acto que <u>no</u> constituye, por sí solo, la aceptación tácita de la herencia por parte del peticionario, puesto que tal actuación no implica la gestión de la herencia en concepto de heredero.**[54] En la sucesión intestada, ante actos de repudiación de herencia, **no se puede atribuir el derecho sobre la porción repudiada hasta tanto se haya establecido con certeza la identidad de las personas llamadas a heredar,** la cual se obtiene mediante la declaratoria de herederos, ya sea tramitada esta en sede notarial o judicial.

Tanto el acta de notoriedad como la resolución judicial de declaratoria de herederos, como regla general, no tendrán efecto de cosa juzgada, por lo que se dictan sin perjuicio de tercero.[55] Ello implica que la declaración de herederos ya sea esta tramitada en sede notarial o judicial, no cierra la puerta para quienes posteriormente

---

[53] Artículo 552 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 2301.

[54] *Escalona v. Sucesión Castro*, 17 DPR 774 (1911).

[55] Regla 95 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV; Artículo 552 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 2301.

acrediten un mejor derecho sobre la herencia. Por tanto, una resolución judicial sobre declaratoria de herederos puede ser válidamente enmendada por una resolución judicial posterior promovida por quien no haya sido notificado del procedimiento original; como cuando tampoco haya comparecido, pero tenga un derecho bien fundado en la herencia.[56]

La declaratoria de herederos en la sucesión intestada, al igual que el testamento en la testada, son documentos necesarios para acreditar el título sucesorio que justifica la adquisición del dominio sobre los bienes del causante.[57]

## E. Derecho hereditario

Hasta tanto ocurra la división del caudal hereditario (partición) y se entregue cada porción al heredero correspondiente (adjudicación), el derecho hereditario que tiene acceso al Registro de la Propiedad Inmobiliaria es el derecho a una participación abstracta e indivisa en el caudal relicto que se concede a favor de quienes resulten herederos en un proceso de sucesión.[58]

Hemos dicho que, en Puerto Rico, distinto a como ocurre en algunas jurisdicciones de tradición civilista, el derecho hereditario accede al Registro de la Propiedad

---

[56] Artículo 553 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 2302.

[57] *Sucesión Morales v. Registrador de la Propiedad*, 16 DPR 114 (1910).

[58] Artículo 131 de la Ley Núm. 210-2015, 30 LPRA sec. 6186.

por vía de asiento de inscripción.[59] Para lograr tal inscripción, será necesario que el presentante aporte, en los casos de sucesión intestada, copia certificada de la resolución judicial sobre declaratoria de herederos o copia certificada del acta de notoriedad sobre declaratoria de herederos, entre otros documentos.[60]

En caso de sucesión intestada, el Registrador de la Propiedad debe inscribir el derecho hereditario individualmente a favor de quienes ostenten la condición de herederos, según surja de la declaratoria de herederos.[61]

Mientras esté pendiente la partición de la herencia, un derecho hereditario inscrito en el Registro de la Propiedad tiene el efecto de garantizar que **la participación abstracta e indivisa, sobre la finca o derecho anotados**, forma parte del patrimonio que le fuera transmitido a la persona heredera al fallecer el causante.[62]

**F. La función calificadora**

La ley atribuye al Registrador de la Propiedad la potestad calificadora.[63] Mediante dicha potestad, el

---

[59] *Herederos de Collazo v. Registrador*, 172 DPR 776, 787 (2007).

[60] Regla 129.1 del Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Reglamento Núm. 8814 de 31 de agosto de 2016.

[61] Artículo 126 de la Ley Núm. 210-2015, 30 LPRA sec. 6181. Regla 126.1 del Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Reglamento Núm. 8814 de 31 de agosto de 2016.

[62] *Herederos de Collazo v. Registrador*, *supra*, pág. 786.

[63] Artículo 229 de la Ley Núm. 210-2015, 30 LPRA sec. 6381.

Registrador califica la legalidad de los documentos en cuya virtud se soliciten asientos, partiendo de la información contenida en **los documentos presentados, los asientos registrales vigentes y las leyes**.[64] Entre las faltas a la legalidad que el Registrador viene llamado a considerar se encuentra las que afecten la eficacia de las obligaciones o derechos contenidos en los títulos, siempre que resulte del texto o puedan conocerse por su simple inspección.[65]

La anterior operación registral tiene su fundamento en el principio de legalidad en virtud del cual se exige que se sometan a examen los títulos que pretendan ingreso al Registro de la Propiedad. Hemos dicho que "el principio de legalidad vigente en nuestro ordenamiento hace necesaria la calificación registral, a fin de que solamente logren acceso al Registro títulos válidos y perfectos".[66]

Además, sabido es que, por el principio de tracto sucesivo, **se prohíbe la inscripción o anotación de un documento que se oponga o sea incompatible con documentos inscritos en el Registro de la Propiedad mediante los**

---

[64] Íd.

[65] Regla 229.1 del Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria, Reglamento Núm. 8814 de 31 de agosto de 2016.

[66] *Kogan v. Registrador*, 125 DPR 636, 674 (1990) (citando a *U.S.I. Properties, Inc. v. Registrador*, 124 DPR 448 (1989)).

**cuales se constituyan, transmitan, modifiquen o extingan derechos reales sobre un bien inmueble.**[67]

El alcance de la calificación hecha por el Registrador variará según estemos ante documentos de naturaleza notarial, judicial o administrativos.[68] Cuando se trate de documentos de naturaleza notarial, hemos dicho que la facultad calificadora del Registrador incluirá la amplitud de verificar: que estos cumplan con las formas extrínsecas dispuestas por ley, que los otorgantes ostenten la capacidad jurídica para realizar el negocio jurídico pertinente, **que los actos dispositivos contenidos en la escritura presentada sean válidos**, y que no existan obstáculos que surjan del Registro de la Propiedad que impidan la inscripción del documento.[69]

Además, hemos expresado que la facultad calificadora atribuida por ley al Registrador de la Propiedad incluye la capacidad de requerir documentos complementarios, de forma restrictiva, bajo los siguientes tres escenarios: 1) cuando por ley o por reglamento así se requiera para la inscripción de un documento, 2) **cuando del documento presentado al Registrador surja causa para creer que pueda ser inválido** y 3) cuando el propio documento no refleje su entera validez.[70]

---

[67] Artículo 18 de la Ley Núm. 210-2015, 30 LPRA sec. 6033.

[68] Artículo 229 de la Ley Núm. 210-2015, 30 LPRA sec. 6381.

[69] *Western Fed. Savs. Bank v. Registrador*, 139 DPR 328, 334 (1995).

[70] *Rolón Adorno v. Registrador*, 207 DPR 361, 375 (2021) (citando a *Mojíca Sandoz v. Bayamón Federal Savs.*, 117 DPR 110, 129 (1986)).

Por tanto, en el ejercicio de su función calificadora, cuando el Registrador aprecie defectos que se originen por disposiciones de ley deberá impedir la inscripción del título.[71]

### III.

Mediante el presente Recurso Gubernativo, la Recurrente formula ante este Foro señalamientos de error relacionados a las notificaciones de defectos realizadas por el Registrador en cuanto a documentos asociados a dos asientos de presentación distintos.

La Recurrente acreditó ante este Foro haber presentado un escrito de recalificación contra la notificación de defectos señalada por el Registrador sobre el asiento de presentación 2025-034135-HU01. También, que el documento principal de dicho asiento de presentación es la Escritura Pública de Repudiación de Herencia.

No obstante, el primer señalamiento de error, formulado y traído ante la consideración de este Foro, está relacionado con el asiento de presentación 2025-039624-HU01, siendo el documento principal de este último la Escritura Núm. 5-2025.

En este caso, la Recurrente dejó de evidenciar la interposición oportuna de escritos de recalificación contra las faltas notificadas por el Registrador de la Propiedad en cuanto al documento principal de este último asiento de presentación. Así, concluímos que el objeto del presente recurso gubernativo consiste en la calificación

---

[71] Artículo 235 de la Ley Núm. 210-2015, 30 LPRA sec. 6387.

final hecha por el Registrador sobre el asiento de presentación 2025-034135-HU01, constituyendo el documento principal de dicho asiento la Escritura Pública de Repudiación de Herencia, y de la cual existe una notificación de defectos que la Recurrente objeta, mediante el segundo señalamiento de error en su escrito de Recurso Gubernativo.

Por todo lo cual, nos encontramos ante un defecto procesal insubsanable que priva a este Foro de jurisdicción para considerar en su fondo los argumentos esbozados por la Recurrente bajo el primer señalamiento de error, por estar este relacionado con un asunto que no es objeto del presente Recurso Gubernativo. **Así, a continuación, pasamos a considerar en su fondo los argumentos presentados por la Recurrente bajo el segundo señalamiento de error, asunto sobre el cual sí gozamos de jurisdicción por estar relacionados con el objeto del presente recurso gubernativo.**

En cuanto al segundo señalamiento de error, la Cónyuge Supérstite, como persona con interés en la herencia, peticionó ante el tribunal y obtuvo una *Resolución* judicial sobre declaratoria de herederos del señor Rivera Rosado con fecha del 6 de septiembre de 2022. Esta *Resolución* judicial se dictó sin perjuicio de terceros y como parte de un procedimiento no contencioso ante el tribunal, de conformidad con el Art. 552 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2301. Este documento judicial le permitió a la Cónyuge Supérstite y a

los tres hijos del causante tener certeza sobre su condición de herederos.

De este modo, la Recurrente, quien a su vez es una de las hijas del causante, **pudo ejercer su derecho a repudiar la herencia, el cual plasmó mediante la Escritura Pública de Repudiación de Herencia** en fecha posterior a la *Resolución* judicial sobre declaratoria de herederos. El lenguaje utilizado en la Escritura Pública de Repudiación de Herencia revela inequívocamente que nos encontramos ante un acto de repudiación de herencia, y no ante una renuncia o aceptación tácita. Ello surge del propio texto del instrumento público, en el cual la Recurrente manifestó expresamente que no le resultaba conveniente aceptar la herencia de su padre, y en consecuencia, repudió formalmente la misma. Además, el acta aclaratoria posterior confirma dicha naturaleza al partir de la premisa de que el acto original fue uno de repudiación de herencia.

Por otro lado, argumenta la Recurrente que el ordenamiento jurídico vigente no le impone la carga de promover una acción judicial como condición previa al ejercicio del acto de repudiación de la herencia, y de un examen de las disposiciones aplicables del Código Civil de 2020, *supra*, se puede constatar que le asiste la razón en cuanto a dicho extremo.

Sin embargo, en este caso, los señalamientos del Registrador de la Propiedad contra la Escritura Pública de Repudiación de Herencia no están dirigidos a condicionar,

limitar o de alguna manera negar la facultad de la Recurrente de ejercer el acto de repudiación de herencia. Por el contrario, en el ejercicio de su facultad calificadora y como guardián de la certeza del Registro, el Registrador válidamente solicitó la acreditación de hechos fácticos que le permitan estar en posición de calificar la legalidad de los documentos presentados bajo el asiento 2025-034135-HU01.

**Toda vez que, mediante el Acta Núm. 12-2025, la Recurrente afirmó tener la intención de que el acto de repudiación fuera extensivo a su estirpe, efecto que bajo nuestro ordenamiento jurídico no es permisible, el Registrador válidamente tuvo motivos para creer que la escritura presentada por la Recurrente pudiera ser inválida.** Además, de los documentos complementarios no surge información que ponga en posición al Registrador para atribuir los derechos sobre la porción repudiada y calificar adecuadamente la validez del documento principal presentado. Es decir, se dejó de aportar aquella información relacionada con la identidad de las personas llamadas a heredar, dado el acto de repudiación de la herencia que tuvo lugar en este caso y que podría activar el derecho de representación.

En este contexto, el Registrador plantea la posibilidad de acudir a la sentencia declaratoria para acreditar la identidad de los herederos en este caso. Al respecto, recordamos que este Tribunal ha reconocido el valor que tiene la demostración del carácter o cualidad de

heredero como parte de un procedimiento contencioso.[72] No obstante, la sentencia declaratoria es un mecanismo que requiere la existencia de una controversia real entre partes con intereses jurídicos adversos.[73] Un acto de repudiación de herencia otorgado mediante escritura pública, como el realizado por la Recurrente, no genera por sí solo una controversia que justifique la promoción de un procedimiento contencioso de esa naturaleza.

De este modo, debemos atender a la realidad de que, en Puerto Rico, son los tribunales y los notarios quienes gozan de competencia concurrente para realizar determinaciones sobre la identidad de las personas con derechos sobre una sucesión intestada. Estas determinaciones quedan plasmadas en documentos públicos sean mediante Resolución, de naturaleza judicial, o acta de notoriedad, de naturaleza notarial. **Por tanto, son estos documentos públicos los medios adecuados para acreditar la identidad de las personas llamadas a heredar tras el acto de repudiación de la Recurrente.**

En este caso, el derecho hereditario fue inscrito en virtud de una *Resolución* judicial de declaratoria de herederos. Por tanto, coincidimos con el Registrador en cuanto a que la resolución judicial es el medio adecuado para acreditar la identidad de las personas llamadas a heredar. Lo anterior se da porque se trata de un documento con el potencial de enmendar la resolución anterior sobre

---

[72] Rivera v. Registrador, 74 DPR 127, 136 (1952).

[73] *Moscoso v. Rivera,* 76 DPR 481, 492 (1954).

declaración de herederos en virtud de la cual se inscribió el derecho hereditario.

**En vista de lo anterior, concluimos que para que el Registrador de la Propiedad esté en posición de ejercer su facultad calificadora, al determinar la procedencia de la inscripción de la Escritura Pública de Repudiación de Herencia, es condición indispensable que se acredite mediante resolución judicial la identidad de las personas llamadas a suceder ante el acto de repudiación que tuvo lugar por parte de la Recurrente.** Ello tiene el propósito de que se adjudiquen correctamente los sujetos con derechos sobre la porción repudiada y se garantice la seguridad jurídica que caracteriza al Registro, pilar del tráfico económico del inmobiliario en Puerto Rico.

IV.

Por los fundamentos antes expuestos, se confirma la calificación final de denegatoria del Registrador de la Propiedad.

Se dictará Sentencia en conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Annaise Rivera del Valle

    Recurrente

        v.

                **RG-2025-0002**    Recurso

Hon. José A. Maymó Azize,        Gubernativo
Registrador de la Propiedad
Sección de Humacao I

    Recurrido

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de agosto de 2026.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la calificación final de denegatoria del Registrador de la Propiedad.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez **concurre** con el resultado alcanzado por una mayoría de este Tribunal en el presente caso y hace constar las siguientes expresiones:

Si bien estamos de acuerdo con confirmar la calificación final del Registrador de la Propiedad, que, en lo relacionado con la causa de epígrafe, denegó la solicitud de inscripción de la *Escritura Pública de Repudiación de Herencia* aquí en controversia, -- ello, toda vez que la Sra. Annaise Rivera Del Valle, mediante un instrumento público, intentó repudiar determinada herencia para sí y su estirpe, proceder que nuestro ordenamiento jurídico no permite --, no estamos de acuerdo con establecer que, como condición indispensable para que proceda la inscripción de una escritura pública de repudiación, es necesario acreditar la identidad de las personas llamadas a suceder ante dicho acto. A nuestro juicio, esto último no era necesario.

Y es que, aun reconociendo la utilidad que pueda tener el que se consigne, ante el Registro de la Propiedad, la identidad de aquellos o aquellas que, como resultado de una repudiación de herencia, tendrían derecho a heredar en el lugar de quien repudie, -- ya sea en virtud del derecho de representación o, en la alternativa, del de acrecer --, nuestro ordenamiento jurídico no dispone que ello sea un requisito para la validez o inscripción registral de un acto de repudiación de herencia. Es más, en cuanto al modo para repudiar una herencia, nuestro Código Civil se limita a establecer que "se hace mediante escritura pública o un escrito dirigido al tribunal" y que "no [puede] hacerse parcialmente, ni a plazo, ni sujetarse a condición". Arts. 1573 y 1583, Código Civil de Puerto Rico, 31 LPRA secs. 11016 y 11026.

**En ese sentido, una vez se lleva a cabo el acto unilateral de repudiación de herencia, -- independientemente de cuál de las dos modalidades señaladas se utilice, y, siempre y cuando dicho acto sea válido, claro está --, éste produce sus efectos sin necesidad de que se tengan que adjudicar los mismos mediante resolución judicial o instrumento público.** Dicho de otro modo, y en el contexto de la controversia ante nos, cuando se repudia, el derecho de representación opera sin necesidad de que un tribunal declare ni mucho menos adjudique el mismo. Lo anterior es así, toda vez que el mencionado derecho nace en virtud de una disposición legal, sin más.

Art. 1611, Código Civil de Puerto Rico, 31 LPRA sec. 11091.

Dicho ello, es menester señalar aquí también que, según dispone el Art. 552 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 2301, y como bien se menciona en la *Opinión* que hoy emite este Tribunal, una declaratoria de herederos se efectúa sin perjuicio de terceros, por lo que quien posteriormente interese acreditar un mejor derecho sobre determinada herencia, así podrá hacerlo. De lo anterior se desprende que una declaratoria de herederos no adjudica derechos hereditarios con carácter definitivo. De ahí que la identidad de las personas con derecho a suceder en el lugar de quien repudie es un asunto que se puede remediar en etapas posteriores.

Siendo ello así, somos del criterio de que bastaba aquí con confirmar la calificación denegatoria del Registrador de la Propiedad, mas no era necesario imponer una condición indispensable para que, en casos como el de marras, aquella parte que, -- posterior a la inscripción de una declaratoria de herederos que le reconozca como persona con derecho a heredar --, interese inscribir una escritura pública mediante la cual haya repudiado una herencia, tenga que acreditar la identidad de aquellas personas llamadas a suceder en su lugar. Dicha imposición tiene el efecto práctico de establecer, injustificadamente, un requisito adicional de inscripción que no surge, -- ni se sostiene --, de disposición legal alguna recogida en nuestro ordenamiento jurídico. **En palabras sencillas, eso es un eslabón en la cadena que vendrá en su día.**

Es, pues, por todo lo anterior, que respetuosamente concurrimos con el resultado al que llega hoy este Tribunal.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo
